IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAL BENNETT,** | : | Civil No. 4:25-CV-1349 |
| Plaintiff, | : | |
| v. | : | |
| **THOMAS HEAP,** | : | (Magistrate Judge Carlson) |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### I.     Factual and Procedural Background

This is a *pro se* civil rights action brought by a state inmate against the Clerk of Courts/Prothonotary for the Court of Common Pleas of Lycoming County. There is a motion to dismiss pending in this case. (Doc. 4). Notwithstanding this pending, and potentially dispositive, motion, the plaintiff has begun engaging in discovery serving subpoenas on the defendant and the President Judge on the court, both of whom have filed motions to quash these subpoenas. (Docs. 19 and 21).

We believe that the pending motion to dismiss is a significant development in this litigation and one which cautions in favor of deferring discovery litigation at this time. Simply put, before we consider directing further discovery in this case, it would be prudent to await a determination of what issues, if any, survive. Therefore, we will GRANT these motions to quash at this time without prejudice

to renewal of discovery, if necessary, following resolution of the pending motion to dismiss.

II.  **Discussion**

Several basic guiding principles inform our resolution of the instant motion to compel. At the outset, rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the timing and scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a

> magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of orders regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.'" Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)).

This discretion is guided, however, by certain basic principles. One of these cardinal principles governing the exercise of discretion in this field is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice,

973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: parties who file motions that may present potentially meritorious and dispositive legal issues in civil actions should not be put to the time, expense, and burden of additional factual discovery for themselves and others until after these legal issues are addressed by the court.

In such instances, it is clearly established that:

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets, we conclude that further discovery should be briefly deferred at this time until after the court resolves the pending motion to dismiss. We reach this conclusion finding that deferring "discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be

without foundation in law.'" Johnson, 205 F.R.D. at 434. Following this course will enable us to determine what legal issues, if any remain in this case. This determination, in turn, will greatly inform any judgment regarding whether and to what extent discovery is warranted here.

    An appropriate order follows.

                                      *S/ Martin C. Carlson*
                                      Martin C. Carlson
                                      United States Magistrate Judge

DATED: January 14, 2026