# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAL BENNETT,** | : | **Civ. No. 4:25-CV-1349** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **THOMAS HEAP,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I.    Factual Background and Procedural History

Jamal Bennett is a state inmate and a prolific, if prodigiously unsuccessful, *pro se* litigant.[1] Most recently, Bennett sued Thomas Heap, a state court administrator making allegations which stemmed from a prior, unsuccessful effort at *pro se* litigation, a state criminal case in which Bennett represented himself and was convicted at trial. The factual background of these state charges was aptly summarized by the Pennsylvania Superior Court in its decision affirming Bennett's conviction. At that time the Court explained that:

---

[1] Commonwealth v. Bennett, No. 1435 MDA 2022, 2025 WL 2542683, at *1 (Pa. Super. Ct. Sept. 4, 2025); Bennett v. Shoemaker, No. 1:22-CV-0354, 2024 WL 3969682, at *1 (M.D. Pa. Aug. 28, 2024); Bennett v. Shoemaker, No. 1:22-CV-0354, 2023 WL 5434769 (M.D. Pa. Aug. 23, 2023); Bennett v. Cnty. of Lycoming, No. 1:22-CV-0838, 2022 WL 4079622 (M.D. Pa. Sept. 6, 2022).

On March 18, 2021, a confidential informant (CI) arranged a transaction to purchase cocaine by calling a cellular telephone number. [Bennett] ... arrived at the meeting location. Detective Jonathan Rachael, in an undercover capacity, purchased 8 vials of crack cocaine from [Bennett] for $200.00 in pre-recorded and identified $20.00 bills. [Bennett] retrieved the vials from a plastic grocery bag that contained additional controlled substances. By Information filed on September 17, 2021 in CR-1141-2021, the Commonwealth charged [Bennett] with Delivery of a Controlled Substance (cocaine) and Criminal Use of a Communication Facility.

After [Bennett] left the residence where the transaction occurred, he drove away in a black Honda Accord and stopped at a convenience store. Other officers, having observed [Bennett] enter and leave the residence where the drug purchase occurred, followed [Bennett] to the convenience store. [Bennett] entered the store, purchased some items and returned to his vehicle. The officers removed [Bennett] from the black Honda Accord and arrested him on a warrant in another case. [Bennett] was searched incident to arrest. The officers discovered $180.00 of the $200 in pre-recorded buy money. The plastic grocery bag was on the passenger seat of the vehicle. Officers impounded the vehicle, obtained a search warrant, and searched the vehicle. Inside the plastic grocery bag[,] the officers discovered a Glock 43 firearm, 32 vials of crack cocaine, 97 blue waxen bags of fentanyl, and approximately 3.25 grams of methamphetamine. By Information filed on April 23, 2021 in CR-478-2021, the Commonwealth charged [Bennett] with three counts of Possession with Intent to Deliver a Controlled Substance (PWID) and one count of Persons Not to Possess a Firearm, as [Bennett] had a prior conviction from December 15, 1996[,] which made him ineligible to possess firearms.

Commonwealth v. Bennett, No. 1435 MDA 2022, 2025 WL 2542683, at *1 (Pa. Super. Ct. Sept. 4, 2025) (footnotes omitted).

Bennett's federal lawsuit rested upon a curious and unpersuasive premise, alleging that the affirmance of his conviction was not a product of his own misconduct but was the result of Mr. Heap's office failing to include some items

that Bennett wished to incorporate into the record on appeal. Alleging that Mr. Heap's conduct was part of some larger, amorphous conspiracy, Bennett asserted that the failure to include these items in the record on appeal resulted in his unjust conviction, violated the Pennsylvania Constitution and state criminal laws, and constituted violations of the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

On January 29, 2026, we dismissed this complaint, (Docs. 29 and 30), finding that Bennett's pleading was irreparably flawed in the following six ways: First, Bennett's Federal Constitutional claims failed; second, Heap was entitled to Quasi-Judicial immunity; third, Bennett's references to criminal statutes did not provide grounds for action by this Court; fourth, the Pennsylvania Constitution does not provide for a private right of action for damages; fifth, Bennett's civil conspiracy claim failed as a matter pf law; and sixth, to the extent that Bennett was suing the State Court system for damages his claims failed.

Undeterred, Bennett has now filed a motion to reconsider this ruling, which simply parrots the arguments which we previously considered and rejected. (Doc. 31). Upon consideration, for the reasons set forth below this motion is DENIED.

## II.    Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in

the finality of judgments, motions for reconsideration should be granted sparingly."
Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged by these settled tenets, Bennett's motion fails. At the outset, Bennett points us to no materially new facts which warrant reconsideration of this complaint, nor can he given the Superior Court's rejection of his post-conviction petition on its merits. Commonwealth v. Bennett, No. 1435 MDA 2022, 2025 WL 2542683, at *1 (Pa. Super. Ct. Sept. 4, 2025). Likewise, Bennett identifies no intervening change in the law which undermines our conclusion that his complaint fails on multiple grounds. Finally, Bennett's motion does not persuade us that the dismissal of this meritless complaint works a manifest injustice. It does not.

### III.    Conclusion

Accordingly, for the foregoing reasons, the plaintiff's motion to reconsider, (Doc. 31), will be DENIED.

An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: February 25, 2026.